UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                              )
                                    )   Chapter 7
Pedro Velarde and Blanca Velarde,   )
                                    )   No. 09 B 32565
                    Debtors.        )
_____)
                                    )
Harris, N.A.,                       )
                    Plaintiff,      )
v.                                  )
                                    )   No. 10 A 00122
Pedro Velarde,                      )
                                    )
                    Defendant.      )

ENTER

NOV - 1 2011

JACK B. SCHMETTERER, BANKRUPTCY JUDGE
UNITED STATES BANKRUPTCY COURT

### MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR FEES AND BILLABLE COSTS

This adversary proceeding was filed by Plaintiff Harris N.A. ("Harris") against the Debtor Pedro Velarde ("Velarde") seeking to adjudicate Velarde's debt under an auto financing agreement to be non-dischargeable under 11 U.S.C. § 523(a)(2)(A). Following entry of judgment thereon, Plaintiff now requests allowance of costs that were allowed and also fees. Request for fees effectively seeks to alter or amend the judgment under Rule 59 Fed. R. Civ. P. Rule (made applicable in bankruptcy by Fed. R. Bankr. P. Rule 9023).

### LITIGATION BACKGROUND

Trial was held on the Complaint pursuant to Pretrial Order dated June 7, 2010, which was amended from time to time (original Docket No. 11) and set trial of all issues. No issues were reserved either by the Pretrial Order or at the request of either party or by any other order. Indeed, neither party ever requested that any issue be reserved.

After evidence was heard and both parties rested, Findings of Fact and Conclusions of Law were made and entered (Docket No. 74) and Final Judgment Order (Docket No. 78) was

entered on the docket. It provided judgment in favor of Harris that is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) for the amount of damages proven by evidence, which was $9,666.11 ". . . plus costs to be requested by Bill of Costs in open court within twenty-one (21) days hereof." The judgment also provided that ". . . all other and further relief requested by Plaintiff is denied." That judgment therefore foreclosed the Complaint's request for fees allowed in the relevant contract because no evidence was offered at trial as to fees.

## APPLICABLE RULES

On the tenth day after judgment was entered, Harris filed a Motion for costs and attorney's fees to be allowed pursuant to Northern District of Illinois Local Rules 54.1 and 54.3. Pl.'s Mot. Att'ys Fees Ct. Costs ¶ 16.

The request for costs (which had earlier been allowed) is governed by Local District Rule 54.1, which corresponds to Rule 54 Fed. R. Civ. P. (incorporated in Bankruptcy Rule 7054). Pursuant to this request, Harris attached as "Exhibit B" to the Motion a document referred to as a "Bill of Costs and Fees" that assertedly identified costs sought to be allowed. However, Plaintiff did not file Bankruptcy Form 263 that is required to request billable costs, and "Exhibit B" does not clearly identify billable costs.

The Harris request for attorney's fees is governed by Local District Rule 54.3, which also corresponds to Rule 54 Fed. R. Civ. P. These rules dictate the procedural steps to be taken by a litigant to recover costs and attorney's fees following a judgment allowing their recovery. No Local Bankruptcy Rule covers the issue of proving up fees after evidence closes, but Local Bankruptcy Rule 1000-2(c) provides that Local District Court Rules may provide guidance when no Bankruptcy Rule is on point, and so Local District Court Rules 54.1 and 54.3 apply here to the issue presented.

Local District Rule 54.3 provides that a court before or after entry of judgment may enter an order with respect to a motion filed seeking attorney's fees. Where, as here, no order was entered specifying by when the motion was to be made, the movant had 14 days after entry of judgment to file its motion, which it did.

The gist of the Harris argument for an award of attorney's fees is this:

- Harris is entitled to the fees pursuant to the contract between the parties.

- Under Circuit authority if an underlying promissory note is non-dischargeable then attorneys' fees allowed under the contract are also non-dischargeable.

- Steps taken by Velarde required extra work by Harris' counsel in prosecuting the case thus resulting in larger fees than would otherwise have been necessary.

None of these points are yet disputed by Velarde's counsel, who has thus far only contested Plaintiff's right to seek fees after the evidence closed. Therefore, no hearing has yet been held as to the necessity and reasonableness of Harris' claim for $26,286.75 in fees now sought to obtain the $9,666.11 non-dischargeable Judgment in this case. Before such hearing should be held, the movant faces a preliminary issue: Whether Harris, who neither offered fee evidence at trial nor sought amendment of the Pretrial Order to exclude proof of fees claimed from the scheduled trial, should be allowed at this point to alter judgment to add an allowance for its requested fees to the Judgment (following hearing on necessity and reasonableness).

## DISCUSSION

### I. Allowable Costs

Exhibit B is not a Bill of Costs on the correct form required for that purpose, and if any allowable costs are included therein, they cannot be found on that Exhibit. The proper form for a Bill of Costs is National Bankruptcy Form 263, a copy of which is appended as Exhibit A to this Memorandum Opinion. Because counsel attempted to comply with the provision in the Judgment for allowable costs, though it neither used the right form nor identified any recoverable costs, it will be allowed an extension to file and present in open court on notice a proper Bill of Costs.

## II. Motion for Attorneys' Fees

*A. Attorneys' Fees Are Recoverable Under Fed. R. Civ. P. Rule 54(d)(2)*

The American Rule commands that a prevailing litigant is not ordinarily entitled to recover attorneys' fees unless a federal statute or enforceable contractual provision authorizes recovery. *Matter of Sheridan*, 105 F.3d 1164, 1166 (7th Cir. 1997). Here, Harris' contract with Velarde provided: "Buyer agrees to pay reasonable attorneys' fees, costs and expenses incurred in collection or enforcement of the debt . . . ." A contractual provision authorizing a creditor to recover attorneys' fees is enforceable in dischargeability actions if the provision is valid under state law. *Id.* Illinois law permits parties to a contract to provide that the party who successfully sues to enforce the contract will recover attorney fees and costs from the losing party. *Kempner Mobile Elec., Inc. v. Southwestern Bell Mobile Sys., Inc.*, 2005 U.S. Dist. LEXIS 7598, at *7 (N.D. Ill. 2005) (*citing Grossinger Motor Corp., Inc. v. American Nat'l Bank & Trust Co.*, 607 N.E.2d 1337, 1347–48 (Ill. App. 1992)). However, because a fee-shifting agreement is contrary to the American Rule, such agreements are strictly construed. *Kempner Mobile*, 2005 U.S. Dist, at *7.

The Harris reliance on its contract is not conclusive. Defendant argues that Harris should be denied its requested relief because it rested its case at trial without presenting evidence of its claim for attorneys' fees and without reserving the issue for later resolution. Defendant cites several cases in support of its argument. In *Household Fin. Corp. v. Howard (In re Howard)*, 73 B.R. 694, 710 (Bankr. N.D. Ind. 1987), a creditor was denied attorneys' fees despite prevailing in a non-dischargeability trial because the creditor did not submit evidence of the amount incurred for attorneys' fees during trial. *Id.* That opinion, however, contains no analysis and cites no authority for denying the creditor's request. Similarly, in *Norbank v. Kroh (In re Kroh)*, 87 B.R. 1004, 1008 (Bankr. W.D. Mo. 1988), the prevailing creditor's request for attorneys' fees was denied because no evidence of fees was provided at trial. In that case, the creditor sought fees based on language in the promissory note it was enforcing. As in *Howard*, however, the bankruptcy judge in *Kroh* provided no analysis or authority for its denial of fees.

Rule 54 of the Fed. R. Civ. P., however, does raise the question whether Harris was required to submit evidence of its fees either during trial or within 14 days thereafter. Subsection (d)(2) of that Rule provides: "A claim for attorney's fees . . . must be made by motion unless the substantive law requires those fees be proved at trial as an element of damages . . . ." and "must be filed no later than 14 days after the entry of judgment . . . ." As Harris moves for fees under its contract, one issue is whether the Illinois contract law requires those fees be proved at trial as damages. Complicating the matter, the Committee Note to that Rule explains that the procedures outlined "[do] not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages are typically to be claimed in pleading and may involve issues to be resolved by the jury." Fed. R. Civ. P. 54 Committee Notes 1993 Amendment.

Circuit precedent, however, has clarified that attorney fee provisions such as those involved in this case do not necessarily involve issues to be resolved by a jury (or, presumably by a judge in a bench trial). A Panel of the Seventh Circuit Court of Appeals directly addressed the propriety of a post-judgment request for attorneys's fees in a case alleging breach of contract. In *Eastern Trading Co., et al. v. Refco Inc.*, 229 F.3d 617 (7th Cir. 2000), the Panel considered the District Judge's denial of attorneys' fees despite a contractual provision providing for reimbursement of attorneys' fees incurred in enforcing the contract. *Id.* at 626. The District Judge had denied the fees finding that they had been waived because the party seeking fees had not made fees an issue for trial. *Id.* In reversing, the Panel reasoned that attorneys' fees were not a trial issue. *Id.* at 627. Because the contract obligated the losing party to reimburse the victor for attorneys' fees there was no issue at the trial of entitlement to those fees. *Id.* If the party seeking fees successfully enforced its contract in the courts then it had a right post-judgment to payment of its fees. According to the Panel, "[t]he issue of attorneys' fees (including amount) was therefore an issue to be resolved after trial on the basis of the judgment entered at trial, just as in cases in which statutory rather than contractual entitlements to attorneys' fees are involved." *Id.* Accordingly, when Harris succeeded in enforcing the debt owed it at trial it was automatically authorized to seek post-trial recovery of its attorneys' fees. Another Seventh Circuit Panel also recognized that fees sought for work done during a case should be sought after judgment because

the prevailing party will have been identified and fees quantifiable. *Rissman v. Rissman*, 229 F.3d 586, 588 (7th Cir. 2000).

A Panel of Second Circuit Court of Appeals also recognized post-judgment determinations of fee awards pursuant to contract. In *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306 (2d Cir. 1993), the opinion considered the implications of forcing a party to prove its fees up during trial:

> The prospect of such a trial evokes images of an attorney struggling to prove the amount of fees to which he is entitled, but never being able to do so because he must prove the value of his words even as he speaks them, and also the value of his words yet unuttered and unwritten.

*Id.* at 1316.

### B. Harris' Attorneys' Fees are Non-Dischargeable

Attorneys' fees provided by contract are part of the debt, and if the principal is held non-dischargeable, then the same is true of other elements of the debt such as attorneys' fees. As stated by one Panel of the Seventh Circuit, "[a]ttorneys' fees, no less than the principal and interest, are the result of fraud, and the perpetrator cannot escape the consequences. If a debtor agrees by contract to pay legal expenses, this is no different in principle from agreeing to a higher rate of interest, or a balloon payment, or any other contractual element of compensation of the lender." *Mayer v. Spanel Int'l Ltd. et al.*, 51 F.3d 670, 677 (7th Cir. 1994). Therefore, as with the underlying debt, Harris' reasonable attorneys' fees, to the extent they are approved, will be non-dischargeable under § 523(a)(2)(A).

## CONCLUSION

For reasons stated above, Harris' Motion for fees will be considered following the filing of any specific objection thereto. Harris must also complete and notice for hearing the Bill of Costs on the correct Form 263 appended hereto.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 1st day of November, 2011.

# United States Bankruptcy Court

## Northern District of Illinois

In re                                                                                   Bankruptcy Case No.

                                    Debtor
                                    Plaintiff
                                                        Adversary Proceeding No.

                                    Defendant

### BILL OF COSTS

Notice is given that the following Bill of Costs will be presented to the bankruptcy clerk at the following place and time:

| Address | Room |
|---|---|
|  | Date and Time |

Judgment was entered in the above entitled action on _____Date_____ against _____

The clerk of the bankruptcy court is requested to tax the following as costs:

| | |
|---|---|
| Fee of the clerk | $ |
| Fee for service of summons and complaint | $ |
| Fee of the court reporter for any and all parts of the transcript necessarily obtained for use in the case | $ |
| Fees and disbursements for printing | $ |
| Fees for witnesses (itemized below) | $ |
| Fees for exemplifications and copies of papers necessarily obtained for use in this case | $ |
| Docket fees under 28 U.S.C. §1923 | $ |
| Costs incident to taking of depositions | $ |
| Costs as shown on Mandate of appellate court | $ |
| Other costs [Please itemize] | $ |
| | $ |
| | $ |
| TOTAL | $ |

### DECLARATION

I, attorney for _____name of party_____ declare under penalties of perjury that the foregoing costs are correct and were necessarily incurred in this action, that the services for which fees have been charged were actually and necessarily performed, and that a copy of this Bill of Costs was mailed this day with postage fully prepaid to:

| Name and address of Judgment Debtor |
|---|
|  |

_____Date_____                                              _____Signature of Attorney_____

COSTS ARE TAXED IN THE FOLLOWING AMOUNT AND INCLUDED IN THE JUDGMENT:         $ _____

                                                      **Kenneth S. Gardner**, Clerk of the Bankruptcy Court

_____Date_____                                    By: _____
                                                                Deputy Clerk

**EXHIBIT A**

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) ||||||||
|---|---|---|---|---|---|---|---|
| NAME AND RESIDENCE | ATTENDANCE || SUBSISTENCE || MILEAGE || Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | |
| | | | | | | TOTAL | |

## NOTICE

**Section 1924, Title 28, U.S. Code provides:**
 "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the service for which fees have been charged were actually and necessarily performed."

**Section 1920 of Title 28 reads in part as follows:**
 "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Bankruptcy Rules contain the following provisions:**
**Bankruptcy Rule 7054(b)**
 "COSTS. The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides. Costs against the United States, its officers and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice; on motion served within five days thereafter, the action of the clerk may be reviewed by the court."

**Bankruptcy Rule 9006(f)**
 "ADDITIONAL TIME AFTER SERVICE BY MAIL. When there is a right or requirement to do some act or undertakes some proceeding within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period."

**Bankruptcy Rule 9021(a)(in part)**
 "Entry of the judgment shall not be delayed for the taxing of costs."